## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NORMAN MALLORY, ) | |
| ) | Case No. 12 C 08817 |
| Plaintiff, ) | |
| ) | JUDGE PALLMEYER |
| vs. ) | |
| ) | Magistrate Judge Keys |
| P.O. HOFFMAN, #4317, P.O. DEMAS #7982, ) | |
| and P.O. DESAI #10409, individually, and the ) | **Jury Demand** |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Chicago Police Officers Bryan Hoffman, Jason Demas and Rishi Desai ("Defendant Officers"), and the City of Chicago (the "City") (Collectively, "Defendants"), by and through their attorney, Robin D. Shoffner, Assistant Corporation Counsel, for their answer to Plaintiff's Complaint, affirmative defenses, and jury demand, state as follows:

## COUNT I - EXCESSIVE FORCE/FAILURE TO INTERVENE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. § 1983 and § 1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, NORMAN MALLORY, accomplished by acts and/or omissions of the Defendants, P.O. HOFFMAN, P.O. DEMAS, and P.O. DESAI, individually, and the CITY OF CHICAGO, committed under color of law.

**ANSWER**: Defendants admit that this action purportedly arises under 42 U.S.C. Section 1983 for the alleged deprivations of Plaintiff's constitutional rights. Defendants deny any deprivations of Plaintiff's constitutional rights.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of Illinois.

**ANSWER**: Defendants admit that this court has original and supplemental jurisdiction over

Plaintiff's claims.   Defendants deny any deprivations of Plaintiff's state law rights.

3. The Plaintiff, NORMAN MALLORY, was at all relevant times a United States citizen and resident of the State of Illinois.

**ANSWER**: On information and belief, Defendants admit the allegations contained in this paragraph.

4. At all relevant times, the Defendants, P.O. HOFFMAN, P.O. DEMAS, and P.O. DESAI, were duly appointed Chicago police officers acting within their scope of employment and under color of law.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

5. On or about January 6, 2012, the Plaintiff, NORMAN MALLORY, was driving in the vicinity of 7100 S. Honore, Chicago, Illinois.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

6. The Defendants effected a traffic stop of the Plaintiff.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

7. After some time, the Plaintiff pulled his vehicle to stop.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

8. The Defendants approached the Plaintiff while he was in his vehicle.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

9. The Plaintiff put his hands up.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

10. One or more of the Defendants reached through an open window and pistol-whipped the Plaintiff.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

11. Once outside of his vehicle, one or more of the Defendants handcuffs the Plaintiff and then took him to the ground.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

12. While on the ground, one or more of the Defendants physically attacked the Plaintiff, twisted his arm, stomped on his head, and committed other violent acts.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

13. The Plaintiff did nothing to provoke the use of force.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

14. While this use of force was taking place, the other Defendants were nearby, observed the use of force, and did nothing to intervene.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

15. Said use of force was excessive and unreasonable.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

16. The Plaintiff, NORMAN MALLORY, was injured.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

17. At all relevant times, the Defendants, P.O. HOFFMAN, P.O. DEMAS, and P.O. DESAI, were acting pursuant to the customs and policies of the Chicago Police Department.

**ANSWER**: Defendants admit that they acted within the rules and regulations of the Chicago Police Department. Answering further, Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph because they are vague and ambiguous in that they do not specify the policy and/or custom to which plaintiff refers.

18. The actions of the Defendants, P.O. HOFFMAN, P.O. DEMAS, and P.O. DESAI, were intentional, willful and with malice.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

19. Said actions of the Defendants violated the Plaintiffs Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. § 1983.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

20. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff, NORMAN MALLORY, suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain and suffering and medical expenses.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants request judgment in their favor and against Plaintiff, costs of suit, and attorney's fees, and such other relief as the Court deems appropriate.

## COUNT II - INDEMNIFICATION

21. The Plaintiff hereby re-alleges and incorporates his allegations of paragraphs 1-20 as though fully set forth herein.

**ANSWER**: Defendants reassert their answers to Paragraphs 1 - 20 as their answer to Paragraph 21 as if fully stated herein.

22. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER**: The City Defendants admit that the City of Chicago is required to pay judgments within the confines of the law for employees acting within the scope of their employment.

23. The Defendants, P.O. HOFFMAN, P.O. DEMAS, and P.O. DESAI, are or were employees of the CITY OF CHICAGO who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER**: Defendants admit that the Defendant Officers were acting within the scope of their employment but deny the remaining allegations contained in this count.

**WHEREFORE**, Defendants request judgment in their favor and against Plaintiff, costs of suit, and attorney's fees, and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. Defendant Officers are entitled to qualified immunity as to all federal claims. Defendant Officers are government officials, namely police officers, who perform discretionary duties. At

all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers, could have believed his or her actions to be lawful, in light of clearly established law and the information that he or she possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

2. Under the Illinois Tort Immunity Act, the City is not liable for any claims alleged by Plaintiff if Defendant Officers are not liable to Plaintiff. See 745 ILCS 10/2-109.

## JURY DEMAND

Defendants hereby demand a trial by jury.

Respectfully submitted,

/s/ Robin D. Shoffner
Robin D. Shoffner
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-4746
Attorney No. 6204393

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NORMAN MALLORY, ) | |
| ) | Case No. 12 C 08817 |
| Plaintiff, ) | |
| ) | JUDGE PALLMEYER |
| vs. ) | |
| ) | Magistrate Judge Keys |
| P.O. HOFFMAN, #4317, P.O. DEMAS #7982, ) | |
| and P.O. DESAI #10409, individually, and the ) | **Jury Demand** |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:   Gregory Kulis
      Gregory E. Kulis & Associates, Ltd.
      30 North LaSalle Street - Suite 2140
      Chicago, IL 60602

**PLEASE TAKE NOTICE** that on this 5th day of February 2013, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT CITY'S ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 5th day of February 2013.

                                        */s/ Robin D. Shoffner*
                                        Robin D. Shoffner
                                        Assistant Corporation Counsel